The People ex rel. The New York Underground Railway Company, Appellant, *v.* John Newton et al., Respondents.

An action was commenced by the People to vacate the charter of a railroad corporation which had applied for a writ of mandamus to compel the issuing of a permit to enter upon the streets along its route for the purpose of commencing the construction of its road; an alternative writ was granted and a return made thereto. The court denied a motion by the People in said action for an injunction to stay such proceeding by mandamus, upon the relator's stipulating that no permit should issue until the determination of said action. Before such determination the relator, after a trial of the issues presented by the motion, moved for a peremptory mandamus, which motion was denied. *Held,* that the granting of the motion was at least discretionary, and so the decision was not reviewable here.

(Argued April 16, 1891; decided April 28, 1891.)

Appeal from order of the General Term of the Superior Court of the city of New York, made February 5, 1891, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus.

The following is the opinion in full:

" The relator claims to have derived title under foreclosure proceedings to the property and franchises of the New York City Central Underground Railway Company, which was incorporated by the act, chapter 230 of the Laws of 1868; and no proceedings, so far as this record discloses, having before been taken for the actual construction of the road authorized by the act, in May, 1888, twenty years after the passage of the act, it applied to the Superior Court by petition for an alternative writ of mandamus to compel the commissioner of public works to issue to it a permit to enter upon the streets along its route for the purpose of commencing the construction of its road. The alternative writ was issued, and the return to it was made, and subsequently, before the trial of the issues raised by the return, the defendants filed a further supplemental return in which they alleged that on the 14th day of January, 1890, an action was commenced in the Supreme Court by the people against the relator, through the Attorney-General by leave of

the court, to dissolve the relator, to vacate its charter and to annul its corporate existence. A copy of the complaint in that action was annexed to the return and made a part thereof, and the defendants averred upon information and belief that the facts alleged in that complaint were true. The issues raised by the two returns to the writ were brought to trial in the Superior Court before a jury, and at the close of the evidence the court directed the jury to find certain facts, and thereafter, upon the writ, the returns and the finding of the jury, a motion was made at a Special Term for a peremptory writ of mandamus, which was denied, and the appeal here is from the order of the General Term affirming the order of the Special Term which denied the writ.

" At the time the peremptory writ was applied for the action brought by the people to dissolve the relator, to vacate its charter and annul its corporate existence was pending, and in that action, as we learn from the statement in the points submitted on behalf of the relator, counsel for the people applied to the court for an injunction to stay this proceeding, and the court denied that motion upon the stipulation of the relator that it would not apply to open the streets under the permit which might be obtained through the mandamus in this proceeding until the people's action had been defeated.

" Under such circumstances it was, at least, discretionary whether or not the court would issue the peremptory writ of mandamus. It would certainly have been an unwise and inconsiderate exercise of discretion for the court to issue the mandamus during the pendency of that action aimed at the life of the corporation. In case of the success of the people in that action, the writ of mandamus could serve no purpose and would be abortive. Certainly, in the face of the stipulation that no permit should issue until the determination of that action, the court should not, at the time this writ was denied, have granted it. A decision to grant the writ would have been simply experimental, and that, under such circumstances, the court could, and in the exercise of a sound discretion should, have denied the writ, is clear upon authority. (*Matter of Sage*, 70 N. Y. 220; *People ex rel. Slavin* v. *Wendell*, 71 id. 171; *People ex rel. Faile* v. *Ferris*, 76 id. 326; *People*

*ex rel. Gas Light Co.* v. *Common Council,* 78 id. 56 ; *People ex rel. Millard* v. *Chapin,* 104 id. 96 ; *People ex rel. Nicholl* v. *N. Y. Infant Asylum,* 122 id. 190.)

" As we have no jurisdiction to review the discretion ·of the court below, the appeal should be dismissed, with costs."

*Edward Winslow Paige* and *George Hoadley* for appellant. ·

*David J. Dean* for respondents.

*Per Curiam* opinion for dismissal of appeal.
All concur, except GRAY, J., not voting.
Appeal dismissed.